UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE SUAREZ, JR.,<br><br>Defendant. | 4:22-CR-40097-KES-01<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Suarez, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 88. Plaintiff, the United States of America, opposes Suarez's motion. Docket 90. For the following reasons, Suarez's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Suarez's Guideline range, based on a total offense level of 31 and a Criminal History Category of III, was 135-168 months in custody. Docket 84-1 at 1. Pursuant to U.S.S.G. § 4A1.1(d), he received 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 80 at 12. On July 3, 2023, the court sentenced Suarez to 120 months in custody for conspiracy to distribute a controlled substance. Docket 84.

On March 14, 2024, Suarez filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 88. Because it is unclear under which amendment he seeks release, the court will analyze his motion under both amendments.

### I.     U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal

2

history. U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points. The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Suarez received two "status points" for committing his offense while under a criminal justice sentence. Docket 80 at 12. Applying U.S.S.G. § 4A1.1(e) to Suarez's case makes no difference because his criminal history category would not be altered by a reduction of two points. He had a criminal history score of 6, which resulted in a criminal history category of III. *Id.* Reducing his criminal history score by 2 results in him having a criminal history score of 4. A criminal history score of 4 keeps Suarez in Criminal History Category III. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table) (4, 5, or 6 criminal history points place an individual in criminal history category III). Thus, the amendment to U.S.S.G. § 4A1.1(e) does not alter his guideline range.

## II.   U.S.S.G. § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

3

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Suarez fails to meet the criteria for zero-point offenders because he now has 4 criminal history points. Docket 80 at 12. As a result, Suarez is ineligible under the plain language of U.S.S.G. 4C1.1(a)(1).

## CONCLUSION

It is ORDERED that Suarez's motion (Docket 88) is DENIED.

Dated April 16, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE